UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINE STARS GROUP USA INC., | Case No. EDCV 24-1843-KK-SKx |
| Plaintiff(s), | |
| v. | **STANDING PROTECTIVE ORDER FOR PATENT CASES** |
| GUANGZHOU EKO TRADING DEVELOPMENT CO., LTD., | |
| Defendant(s). | |

**NOTE: SUBMISSION OF A DOCUMENT APPEARING TO BE THIS FORM SHALL BE A CERTIFICATION THAT IT IS THIS FORM UNLESS CLEARLY NOTED OTHERWISE IN THE TITLE ABOVE WITH THE WORD "(MODIFIED)." COUNSEL SHALL ADHERE TO THE ASSIGNED MAGISTRATE JUDGE'S REQUIREMENTS WITH RESPONSE TO THE PREPARATION OF PROTECTIVE ORDERS FOR ALL NON-PATENT CASES.**

**A.    PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This

1  Order does not confer blanket protections on all disclosures or responses to
2  discovery, and the protection it gives from public disclosure and use extends only to
3  the specific material entitled to confidential treatment under the applicable legal
4  principles.  This Order does not automatically authorize the filing under seal of
5  material designated under this Order.  Local Civil Rule 79-5 sets forth the procedures
6  that must be followed and the standards that will be applied when a party seeks
7  permission from the Court to file material under seal.  Additionally, this Order does
8  not govern the use of protected material at trial.

**B.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designator agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**C.     DESIGNATING PROTECTED MATERIAL**

  **1.     Over-Designation Prohibited**

Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under

this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns information or items it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties it is withdrawing the mistaken designation.

**2. Manner and Timing of Designation**

Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to twenty-one (21) days from the deposition or proceeding to make its designation.

a. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

b. Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so the other parties can ensure only authorized individuals are present at those proceedings when such material is

disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the twenty-one (21) day period, the transcript shall be treated only as actually designated.

**3.     Inadvertent Failures to Designate**

An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure the material is treated according to this Order.

**D.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rules 37-1 through 37-4.

**E.   ACCESS TO DESIGNATED MATERIALS**

**1.     Basic Principles**

A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**2.     Disclosure of CONFIDENTIAL Material Without Further Approval**

Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

1      a.      The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

b.      The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (attached hereto as Exhibit A);

c.      Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (attached hereto as Exhibit A);

d.      The Court and its personnel;

e.      Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (attached hereto as Exhibit A);

e.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (attached hereto as Exhibit A); and

f.      The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**3.      Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**

Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

a.      The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

b.      The Court and its personnel;

c. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (attached hereto as Exhibit A); and

d. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4. Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to In-House Counsel or Experts**

Unless agreed to in writing by the designator:

a. A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

b. A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (i) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information the receiving party seeks permission to disclose to the expert, (ii) sets forth the full name of the expert and the city and state of his or her primary residence, (iii) attaches a copy of the expert's current resume, (iv) identifies the expert's current employer(s), (v) identifies each person or entity from whom the expert has received compensation or funding

6

1 for work in his or her areas of expertise (including in connection with litigation) in the
2 past five years, and (vi) identifies (by name and number of the case, filing date, and
3 location of court) any litigation where the expert has offered expert testimony,
4 including by declaration, report, or testimony at deposition or trial, in the past five
5 years.  If the expert believes any of this information is subject to a confidentiality
6 obligation to a third party, then the expert should provide whatever information the
7 expert believes can be disclosed without violating any confidentiality agreements, and
8 the party seeking to disclose the information to the expert shall be available to meet
9 and confer with the designator regarding any such confidentiality obligations.

10       c.     A party that makes a request and provides the information specified in
11 paragraphs D.4.a or D.4.b may disclose the designated material to the identified in-
12 house counsel or expert unless, within seven days of delivering the request, the party
13 receives a written objection from the designator providing detailed grounds for the
14 objection.

15       d.     All challenges to objections from the designator shall proceed under
16 Local Rules 37-1 through 37-4.

17 **F.**    **SOURCE CODE**
18       **1.**     **Designation of Source Code**
19 If production of source code is necessary, a party may designate it as HIGHLY
20 CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary,
21 or trade secret source code.

22       **2.**     **Location and Supervision of Inspection**
23 Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery
24 shall be made available for inspection, in a format allowing it to be reasonably
25 reviewed and searched, during normal business hours or at other mutually agreeable
26 times, at an office of the designating party's counsel or another mutually agreeable
27 location.  The source code shall be made available for inspection on a secured
28 computer in a secured room, and the inspecting party shall not copy, remove, or

7

otherwise transfer any portion of the source code onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure there is no unauthorized recording, copying, or transmission of the source code.

### 3. Paper Copies of Source Code Excerpts

The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of Court filings, pleadings, expert reports, other papers, or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

### 4. Access Record

The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**G.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

a.  Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

  b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

  c. Cooperate with all reasonable procedures sought by the designator whose protected material may be affected.

  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court from which the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection in that court of its designated material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**H. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

  If a receiving party learns, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (attached hereto as Exhibit A).

**I. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

  When a producing party gives notice certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rules of Evidence 502(d) and (e).

**J.     FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file any designated material in the public record in this action.  A party seeking to file under seal any designated material must comply with Local Rule 79-5.  Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.

Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  Accordingly, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party.  No later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public.  Such an application shall contain the dates and method by which the parties met and conferred, otherwise, it will be denied without prejudice to an amended application being filed after counsel have completed this process.  If a receiving party's request to file designated material under seal pursuant to Local Rule 79-5 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four (4) days of the denial, or (2) otherwise instructed by the Court.

///

///

**K.    FINAL DISPOSITION**

After the final disposition of this action, as defined in Section B, within 60 days of a written request by the designator, each receiving party must return all protected material to the designator or destroy such material. As used in this Section, "all protected material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the protected material. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed and (2) affirms the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence, deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain designated material. Any such archival copies that contain or constitute designated material remain subject to this Order as set forth in Section B.

**IT IS SO ORDERED.**

Dated: September 4, 2024

HONORABLE KENLY KIYA KATO
United States District Judge

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____